IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS BROWN,<br>Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| CHARLES CLAPP, Attorney et al.,<br>Defendants. | : | CIVIL ACTION NO.<br>1:13-CV-615-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Cobb County Jail in Marietta, Georgia. Plaintiff, pro se, initiated this action by filing a one-page document that vaguely referenced a probation revocation in Cobb County, a bankruptcy case, and "lack of medical attention." (Doc. 1.) The Court granted Plaintiff leave to proceed *in forma pauperis* and sent him a § 1983 complaint form for use if he sought relief regarding the conditions of his confinement. (Doc. 2.) Plaintiff completed and returned the § 1983 complaint. (Doc. 3.) Plaintiff also filed a motion to obtain transcripts from his criminal case in Cobb County. (Doc. 5.)

Federal courts must screen prisoner complaints to determine whether the action (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a

AO 72A
(Rev.8/82)

claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

In his amended complaint, Plaintiff complains of his convictions for four counts of first-degree forgery in the Superior Court of Cobb County in 2009 and the most recent revocation of his probation stemming from those convictions, which occurred on March 14, 2013. (Doc. 3 at 3-4.) Plaintiff pled guilty to the forgery crimes on March 30, 2009, and was sentenced to six years, with the first six months in confinement and the remainder served on probation. (*Id.*); *see* Docket, http://www.cobbsuperiorcourtclerk.org/scripts/courtscr.dll (criminal case no. 08-9-5762-42) (last visited Mar. 20, 2013). Plaintiff contends that his criminal defense lawyer and the judge who presided over the case coerced him into pleading guilty, no complaining witness appeared in court, and restitution was not negotiated or recorded. (Doc. 3 at 3-4.) Plaintiff also contends that he was unlawfully held without bail before

he pled guilty in violation of his right under the Eighth Amendment to be free from cruel and unusual punishment. (*Id.*)

On March 14, 2013, the Cobb County Superior Court revoked Plaintiff's probation and ordered him to serve just over one year and nine months in confinement.[1] Plaintiff alleges that his probation officer and the Georgia Department of Corrections wrongfully sought the probation revocation and that their actions amount to cruel and unusual punishment. (*Id.*)

Plaintiff's final claim in his amended complaint is that Defendant Clapp, a lawyer, has negligently represented Plaintiff in what appears to be a bankruptcy proceeding in the U.S. Bankruptcy Court for the Northern District of Georgia. (*Id.* at 4.) Plaintiff contends that Clapp should have reset a hearing in the case given Plaintiff's probation revocation and restitution issues. (*Id.*)

Plaintiff seeks six million dollars and asks the Court to direct the U.S. Attorney to investigate his forgery case in Cobb County. (*Id.*) Plaintiff also is "requesting failure of lack medical attention." (*Id.*) The relief Plaintiff requests, at least as to

---

[1] A copy of the superior court's revocation order is attached to Plaintiff's motion to obtain transcripts. (Doc. 5 at 4-5.) As Plaintiff has complained of the revocation in his amended complaint and submitted a copy of the revocation order, the Court takes judicial notice of it. *See* Fed. R. Evid. 201.

some Defendants, is "base[d] on the 8th amendment clause cruel and unusual punishment [and] sixth amendment." (*Id.*)

Any claims based on Plaintiff's dispute of his forgery convictions in 2009 and the recent revocation of his probation are barred because success on those claims would imply the invalidity of Plaintiff's current confinement. A "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

Plaintiff contends that his guilty plea to the forgery crimes was invalid and that his probation was improperly revoked. The forgery convictions led to the probation sentence, which led to Plaintiff's present confinement for violating the terms of his probation. Because success on Plaintiff's claims would demonstrate the invalidity of that confinement, *Heck* bars Plaintiff's claims.

AO 72A
(Rev.8/82)

Plaintiff's vague reference to lack of medical attention contained in his original and amended complaints fails to state a plausible claim. Plaintiff provided no factual allegations in either of his complaints regarding that reference other than an allegation in an attachment to his amended complaint (a document he filed in the state court) that unidentified jail officials failed to verify his medication at a Wal-Mart pharmacy.[2] (Doc. 3 at 7.) Plaintiff's conclusory allegations do no more than raise the "mere possibility of misconduct," which is insufficient. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (observing that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (quotation marks omitted)).

In short, Plaintiff has stated no claim upon which relief may be granted under § 1983. Accordingly, the undersigned **RECOMMENDS** that this action be

---

[2] In Plaintiff's motion to obtain transcripts, Plaintiff references his prescription at Wal-Mart and states that he has not received the prescribed drugs while in jail. (Doc. 5 at 2-3.) That statement does not support a plausible finding that Plaintiff has an "objectively serious medical need" and is at risk of serious harm because of deliberate indifference to that need, i.e., conduct that is "beyond gross negligence." *See Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010) (discussing elements of claim). Similar to the allegations in Plaintiff's amended complaint, Plaintiff's statements in his motion do not "nudge[ his medical] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.

5

**DISMISSED** under 28 U.S.C. § 1915A.  Plaintiff's motion to obtain transcripts from his state criminal case [5] is **DENIED** because the transcripts would not change the analysis of his claims under § 1915A.

**SO ORDERED AND RECOMMENDED** this 2 day of April, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)